## TOWERY et al. v. WALDRUP.

Where, on the trial of an equitable action for the recovery of described land and for other relief, the jury find for the plaintiff " the land that is prayed for in the petition," the verdict can not be sustained when it does not, in any possible view of the pleadings and evidence, appear that the plaintiff was entitled to more than an undivided fractional interest in the land involved in the litigation.

Submitted March 2, — Decided March 27, 1901.

.Equitable petition. Before Judge Russell. Hall superior court. June 8, 1900.

*H. H. Perry, H. H. Dean,* and *W. S. Pickrell,* for plaintiff in error. *M. L. Smith* and *W. B. Sloan,* contra.

LEWIS, J. Cora Waldrup alleged in her petition that she was the daughter and heir at law of Sarah Waldrup, deceased, who died in 1884, seized of a one-fifth interest in a certain tract of land in Hall county, containing two hundred and fifty acres, more or less. Alexander M. Stringer, the grandfather of petitioner, was appointed administrator of the decedent, and at the July term, 1884, of the court of ordinary of Hall county, applied for and obtained leave to sell the lands of the estate. In January, 1885, these lands were exposed for sale, and by a previous arrangement they were bid off for the administrator by Sears. The petition alleged that this sale was fraudulent and without consideration, the consideration named in the deed being merely a cloak to give the transaction the appearance of being legal. By an arrangement between Stringer and the persons owning the other four fifths of the two hundred and fifty acres described, the tract was divided, and Stringer was to have a described portion, containing 53 acres, more or less. After this division was made, Sears, at the instance of Stringer, conveyed sixty acres of the property in dispute to Mary E. S. Stringer, wife of the administrator, nothing being paid for the land, and the conveyance being made simply for the purpose of giving the transaction the appearance of legality. It is alleged that Mary E. S. Stringer had notice that the land was bid off for her husband, the administrator, and that nothing was paid by Sears therefor. The only heirs of Sarah Waldrup were petitioner and her father, J. C. Waldrup, who subsequently died, leaving a second wife and petitioner as his only heirs at law. At the time of the administrator's sale petitioner

was only four years old. The petition prayed, that the administrator's sale to Sears be annulled and set aside, that the deeds from Stringer as administrator to Sears and from Sears to Mary E. S. Stringer be canceled, and that title to the portion of the tract obtained by Stringer in the division, and to which a deed was made by Sears to Mary E. S. Stringer, be decreed to be in petitioner. Separate answers were filed by A. M. Stringer and Mary E. S. Stringer, in which they denied all the allegations of fraud in the petition. They claimed that the sales from the administrator to Sears and from Sears to Mrs. Stringer were bona fide and upon valuable consideration. A. M. Stringer admitted that he owed a balance to the heirs of the estate, but alleged that, as plaintiff had no guardian and was a minor, there was no one to whom he could legally pay the money. He also alleged that the plaintiff's father was on his bond as administrator and ratified the sale in question, and that the plaintiff was for that reason estopped to claim her father's interest in the land. He admitted his insolvency. J. M. Towery intervened, alleging that he had bought the property in dispute from Mary E. S. Stringer long before the filing of the present suit; that he took without notice of any equity in the plaintiff, and held under a bond for title, conditioned upon the payment of the purchase-price of $600, nearly all of which had been paid. He prayed that title to the land in dispute be decreed to be in him. By amendment he alleged that he had made certain improvements upon the property, amounting in value to $500, and prayed that his rights in the land be protected. The evidence was in some respects conflicting, but tended to support the allegations of the plaintiff's petition. The jury returned a verdict finding for the plaintiff "the 53 acres of land that is prayed for in the petition." The defendants made a motion for a new trial on the general grounds that the verdict was contrary to law and the evidence, to the overruling of which by the court below they except.

In no view of this case can the verdict of the jury stand. It will be observed that by her own pleadings the plaintiff shows title to only a three-fourths undivided interest in the estate of her mother. Her stepmother, according to the petition, inherited a half interest in the estate of the plaintiff's father, or a fourth of the land prayed for in the petition. No title to this fourth is shown in the plaintiff. It is to be further noted that the plaintiff in her petition seeks

at once to repudiate and to profit by the alleged fraudulent conduct of the administrator.   She prays that the entire transaction between Stringer and Sears be set aside; and yet, instead of endeavoring to recover a fractional interest in the original two hundred and fifty acres in which her mother had a one-fifth interest, she accepts the partition as legal and prays for the recovery of the entire title to the fifty-three acres conveyed by Sears to Mary E. S. Stringer.   This point was not made by demurrer on the trial below, however, and no further notice will be taken of it here.   Without regard to this inconsistency, and without regard to the question of estoppel to claim the father's interest (a point which was made on the trial), it is clear that the verdict giving her the entire title to the fifty-three acres claimed, when by her own showing she was entitled to only a fractional interest therein, was illegal and must be set aside.

<em>Judgment reversed.   All the Justices concurring.</em>